Mason, Justice.
The defendant was entitled to costs as a matter of course." (4 Seld. R. 29 ; see resolution of court, page 30; also 5 Seld. R. 549.) And besides, the judge at circuit gave him judgment for costs. The rule seems to be settled, that the defendants acquitted are entitled to a full bill of costs, notwithstanding the services rendered, and expenses incurred in their defence, were also rendered and incurred for the other defendant, against whom the plaintiff recovered a verdict (Canfield and others agt. Gaylor and others, 12 W. R. 236; Hinman and others agt. Booth, 20 W. R. 666.)
The defendant swears that each and every of the witnesses were equally necessary for both defendants, and that each and every of the said .witnesses were material and necessary for the defendant James E. Bowen, who was acquitted, and that he, the defendant Wells C. Bowen, had in charge the preparation of the cause for trial, for the said James K. Bowen, and that the said witnesses were subpoenaed and attended at said trial for both of said defendants. It is no answer, therefore, to the said defendant James K. Bowen’s claim for costs, for the plaintiff to say that James K. Bowen had left the state long before the cause was noticed for trial, and was not personally present at the trial, &c., for the cause was prepared for trial by Wells 0. Bowen. The clerk erred in taxing for attendance and travel of James Clarke and Asa Perkins $4.02 each.
They swear that they were not subpoenaed or paid, and did not attend as witnesses for the defendants. There must be $8.04 stricken from the taxed bill of costs, and from the judgment, if one has been entered. Mo costs on this motion to cither party.